# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
EUGENE MURRAY,                          *
                                        *   No. 19-1976V
              Petitioner,               *   Special Master Christian J. Moran
                                        *
v.                                      *   Filed: December 22, 2023
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
              Respondent.               *
* * * * * * * * * * * * * * * * * * * * *
```

Bridget C. McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Zoe Wade, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Eugene Murray's motion for final attorneys' fees and costs. He is awarded $29,181.20 .

\* \* \*

On December 30, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the hepatitis B, haemophilus B, and/or tetanus diphtheria-

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

acellular pertussis vaccinations he received on June 14, 2017, caused him to develop transverse myelitis. Once respondent contested entitlement, the parties retained medical experts, with petitioner retaining Dr. Frederick Nahm and respondent retaining Dr. Michael Wilson.  After the experts completed their opinions, petitioner was tentatively found not entitled to compensation.  Order, issued July 9, 2021.  Nevertheless, petitioner submitted a brief to which respondent responded. On October 6, 2022, the undersigned issued his decision denying entitlement. 2022 WL 17853378.

On April 27, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $31,162.40 and attorneys' costs of $18,018.80 for a total request of $49,181.20. Fees App. at 2. Pursuant to General Order No. 9, counsel for petitioner represents that no personal incurred any costs related to the prosecution of this case. Id. at 2. On May 23, 2023, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis.  See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").  A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step

process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

    A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

    Petitioner requests the following rates for the work of his counsel: for Ms. Bridget McCullough, the rate of $225.00 per hour for work performed in 2019, the rate of $250.00 per hour per hour for work performed in 2020, the rate of $275.00 per hour for work performed in 2021, the rate of $300.00 per hour for work performed in 2022 and the rate of $350.00 per hour for work performed in 2023; and for Mr. Maximillian Muller, the rate of $317.00 per hour for work performed in 2018, the rate of $325.00 per hour for work performed in 2019 and the rate of $375.00 per hour for work performed in 2021.These rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Adkins v. Sec'y of Health & Human Servs., No. 19-1435V, 2023 WL 6461972 (Fed. Cl. Spec. Mstr. Aug. 31, 2023).

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable until the July 9, 2021 Tentative Finding. After that point, continuing the case unreasonably added excessive fees that were not incurred reasonably. See Perreria v. Sec'y of Health & Hum. Servs., 33 F.3d 1375 (Fed. Cir. 1994). Therefore, $8,000 is removed from the amount requested in attorneys' fees. A reasonable amount of attorneys' fees is $23,162.40.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $18,018.80 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage and work performed by petitioner's expert, Frederick Nahm, M.D.

An appropriate rate for an expert depends, in part, on "the nature, quality, and complexity of the information provided." Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 206 (2009). Petitioner requests the rate of $500.00 per hour for work performed by Dr. Nahm. This rate has been previously awarded to Dr. Nahm. Gibson v. Sec'y of Health & Human Servs., No. 18-263V, 2021 WL 1010729 (Fed. Cl. Spec. Mstr. Feb. 23, 2021). Although $500 per hour might be a reasonable amount when Dr. Nahm performs adequately, the quality of his work in this case does not support an award of this rate. In his first report, Dr. Nahm did not discuss petitioner's history of exposure to radiation. See Exhibit 17. After the Secretary offered radiation exposure as a potential explanation for petitioner's spinal cord injury, Dr. Nahm still did not discuss that alternative factor in his second report. See Exhibit 29.

Under these circumstances, a reasonable hourly rate for Dr. Nahm is $100 per hour. See Frantz v. Sec'y of Health & Hum. Servs., 146 Fed. Cl. 137, 146 (2019) (denying motion for review and ruling a special master was not arbitrary in

4

reducing an expert's hourly rate due to poor performance).  A reasonable amount of compensation for Dr. Nahm's work is $3,000.

For the remaining items, petitioner has provided adequate documentation supporting the requested costs and all are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $6,018.80.

D.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$29,181.20** (representing $23,162.40 in attorneys' fees and $6,018.80 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Bridget C. McCullough.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.